## HULDAH SCHULTZ v. HARRIS WALLIN.[1]

June 11, 1915.

Nos. 19,263—(102).

**Vacating default judgment.**

The court did not abuse its discretion in denying defendant's application to vacate a judgment by default and permit him to answer. [Reporter.]

Defendant's motion in the district court for Brown county to vacate a judgment entered by default was heard and denied by Olsen, J. From the order denying the motion, defendant appealed. Affirmed.

*Somsen, Dempsey & Mueller,* for appellant.

*A. G. Erickson,* for respondent.

PER CURIAM.

The only question on this appeal is whether the trial court abused its discretion in refusing to open a default judgment against defendant, and to permit him to answer.

The facts are briefly these: In September, 1912, defendant fired a loaded shot-gun at plaintiff, causing severe injuries. He was indicted for this, and after a trial convicted of assault in the second degree, and sentenced to the state prison at Stillwater, where he was taken December 30, 1912. February 15, 1913, the sheriff of Washington county served upon defendant personally the summons and

1 Reported in 152 N. W. 865.

complaint in this action, a civil suit to recover damages caused by the assault. Defendant did not answer or appear, and nearly a year later application was made to the court to assess plaintiff's damages. They were fixed at $1,800, and judgment by default for that sum was ordered and entered. It seems that defendant had nothing out of which a judgment could be collected until his father died intestate, in January, 1914, when he acquired an interest in the latter's real estate as an heir. Execution was issued on this judgment and levied upon defendant's interest in this real estate, which was sold to plaintiff on execution sale in May, 1914. This application was made in July, 1914. Defendant makes no claim of a defense to the action, except as to the amount of the damages. His excuse for his failure to answer or to move more promptly is that he supposed, when the summons and complaint were served upon him in the prison, that they were papers in some way concerning the criminal case, and therefore did not read them. Defendant was able to read; the papers handed him could be easily read and understood.

It needs no further statement of the case to make it plain that there was no abuse of discretion in refusing leave to defend under the circumstances. The court was justified in declining to believe the story of defendant, and justified in denying relief even if it did believe the story.

Order affirmed.